■ MURIEL D. PALITZ, Respondent-Appellant, v CLARENCE Y. PALITZ, JR., Appellant-Respondent. — Order of the Supreme Court, New York County (S. Ostrau, J.), entered January 15, 1985, which, *inter alia,* directed defendant and American Rediscount Corp. place in escrow with their attorneys one half of all sums received as the result of the sale or transfer of certain stock, denied plaintiff's motion to amend her complaint and join American Rediscount Corp. as a defendant, is modified, on the law and facts, to direct defendant's attorneys, as escrow agents, to invest said proceeds in those investments as directed by defendant in accordance with the prior order of this court entered February 14, 1985, and to vacate that portion of the order directing American Rediscount Corporation to place the subject proceeds in escrow with defendant's attorneys, and otherwise affirmed, without costs or disbursements.

The issue of whether all or part of the assets of the American Rediscount Corporation constitute marital property remains for resolution in this action. Special Term fashioned a suitable interim remedy by allowing defendant and the children of the marriage unrestrained access to more than $11 million in proceeds from the corporation's dissolution while still preserving an identifiable fund in the event it is determined that these assets did constitute marital property. However, as urged by defendant, an interest-bearing account does not represent a realistic way to manage funds of the magnitude herein, and we modify the order of Special Term so that other prudent investments yielding substantially greater returns can be made. Additionally, we note that the portion of the order directing American Rediscount Corporation to place the subject proceeds in escrow is moot since such turnover has apparently been accomplished and the corporation has been liquidated.

We have examined the remaining contentions of both parties and find them to be without merit. Concur — Ross, J. P., Asch, Fein and Rosenberger, JJ.